UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM STREGE,<br><br>   Plaintiff,<br><br>   v.<br><br>LAUNCHING ALL PLANETS NUCLEAR MISSILES, et al.,<br><br>   Defendants. | No.  2:25-cv-0814 DJC AC PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se.  This matter was referred to the undersigned by E.D. Cal. R.  302(c)(21).  Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915 and has submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will therefore be granted.

**I.   Screening**

A.  Legal Standard

A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  Plaintiff must assist the court in determining whether the complaint is

1

frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

1    A pro se litigant is entitled to notice of the deficiencies in the complaint and an
2    opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See
3    Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as
4    stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

   B.  The Complaint

6    Plaintiff filed suit on March 12, 2025. ECF No. 1. A first amended complaint was filed
7    on March 24, 2025. ECF No. 3. The caption of the operative amended complaint lists various
8    defendants, including Corona Virus, Sun Light, God, and Satan. ECF No. 3 at 1. The complaint
9    is incoherent. For example, the first paragraph reads, "Plaintiff Adam Strege alleges defendants
10   All Planets People harm Nature so God Loves Launch Nuclear Missiles to kill all planets people
11   to save Nature God Loves to not allow indigent life people in Space God Loves trillions Planets
12   only allow Sun Light, Atoms, Plants and Animal Planets with no People Allowed." Id. There is
13   no discernable fact pattern or legal claim in the first amended complaint. ECF No. 3 at 1-30.

   C.  Analysis

15   The complaint does not contain facts supporting any cognizable legal claim against any
16   defendant. The court finds that the complaint consists entirely of fanciful and delusional
17   allegations with no basis on law and no plausible supporting facts. See ECF No. 1. The contents
18   of the complaint are sufficiently unintelligible as to make it clear that leave to amend in this case
19   would not be fruitful. The undersigned will therefore recommend that the complaint be
20   dismissed with prejudice.

**II.   Pro Se Plaintiff's Summary**

22   Your motion to proceed without paying the filing fees are being granted, and you do not
23   have to pay the filing fee. However, the Magistrate Judge has determined that your complaint
24   cannot be served because it does not state any legal claim that the court can help with. The
25   Magistrate Judge is recommending that your case be dismissed. You have 21 days to file an
26   objection to this recommendation.

27   ////
28   ////

### III.  Conclusion

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED.

Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED:  March 31, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE